## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT J. BIFOLCK, AS EXECUTOR OF THE ESTATE OF JEANETTE D. BIFOLCK AND INDIVIDUALLY,<br><br>v.<br><br>PHILIP MORRIS, INC. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:02 cv 878 (SRU)<br>)<br>)<br>)<br>) December 1, 2003 |

### ASSENTED-TO MOTION TO EXTEND CASE MANAGEMENT
### AND TRIAL READINESS DEADLINES

Defendant Philip Morris USA Inc., with the assent of plaintiff Vincent J. Bifolck, respectfully requests that the Case Management Plan and Trial Readiness Sections of the Rule 26(f) Report of Parties' Planning Meeting ("Rule 26(f) Report") be extended by 90 days.

As grounds for this motion, defendant states (1) lead defense counsel completed a 6 week trial in New Hampshire on November 24, 2003; (2) the identification and gathering of medical records necessary to this action has taken longer than expected; (3) the parties actively have engaged in written discovery, and are in the process of noticing and scheduling depositions; and (4) the Court ruled on Philip Morris USA's Motion to Dismiss on May 19, 2003. Thus, additional time is necessary to adequately conduct discovery and prepare the case for dispositive motions and trial.

Counsel for plaintiff Vincent J. Bifolck has been consulted, and assents to the instant Motion.

With the requested extension, the Case Management Plan and Trial Readiness Sections of the Rule 26(f) Report would now read as follows:

**V.    Case Management Plan**

Paragraphs A through E(1) of Section V remain unchanged.

E.    Discovery

2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ.

P. 26(b)(4), will be completed on July 19, 2004, subject to Philip Morris USA's right to seek

additional time in the event that there is a delay in obtaining medical information.  The parties

reserve the right to seek additional time for fact and/or expert discovery if circumstances make it

necessary or desirable to do so.

3.    Discovery will not be conducted in phases.

4.    The parties intend to complete fact discovery by March 1, 2004.

5.    The parties do not yet know how many fact witness depositions they will need to

take, but agree that in the event either party seeks to take more than ten depositions, the parties

will attempt to agree on a permissible number of depositions without seeking court intervention.

6.    The parties do not anticipate the need to request permission to serve more than 25

interrogatories.

7.    Plaintiff will designate his testifying experts and provide opposing counsel with

reports from such experts pursuant to Fed. R. Civ. P. 26(a)(2) at the close of fact discovery

(March 1, 2004).  Defendant's depositions of any such experts will be completed within two

months thereafter (by May 3, 2004).

8.    Defendant will designate its testifying experts and provide opposing counsel with

reports from such experts pursuant to Fed. R. Civ. P. 26(a)(2) within two weeks of the close of

defendant's expert discovery (*i.e.,* on May 17, 2004). Plaintiff shall then have two months in which to depose defendant's testifying experts (*i.e.*, until July 19, 2004).

  9. Plaintiff will provide a damages analysis by the close of fact discovery (on March 1, 2004), along with its other expert reports. Defendant will provide a damages analysis, if any, with its other expert reports (*i.e.*, on May 17, 2004).

  10. Plaintiff may designate one or more rebuttal expert witnesses to rebut defendant's expert testimony. Plaintiff shall make such designations of rebuttal experts and shall provide Rule 26(a)(2) expert reports on or before July 19, 2004. Defendant shall then have one month in which to depose such rebuttal experts (*i.e.*, until August 19, 2004).

  F. Any motion for summary judgment will be filed on or before one month after the close of expert discovery (*i.e.,* on September 20, 2004).

  G. The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed on the later of 30 days following the Court's ruling on summary judgment motions (if any such motions are filed), or one month following the close of expert discovery if no summary judgment motion is filed (*i.e.*, on September 20, 2004).

**VI.** **Trial Readiness**

 This case will be ready for trial on the later of 30 days from the filing of the joint trial memorandum or October 20, 2004.

3

WHEREFORE, Phillip Morris USA, Inc. respectfully requests that the Court grant this motion to extend the dates contained in the Case Management Plan and Trial Readiness Sections of the Rule 26(f) Report.

PHILIP MORRIS USA INC.

_____
Ben A. Solnit (ct00292)
Timothy P. Jensen (ct18888)
TYLER COOPER & ALCORN
205 Church Street
Post Office Box 1936
New Haven, Connecticut 06509-1910
(203) 784-8200
(203) 789-2133 (fax)

Thomas J. Griffin, Jr. (*pro hac vice* - ct20751)
John B. Daukas (*pro hac vice* – ct13395)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: December 1, 2003

LIBA/1332350.1

4

<u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, the following counsel of record this _____ day of December, 2003:

David S. Golub, Esq.
Jonathon M. Levine, Esq.
Silver Golub & Teitall LLP
184 Atlantic Street
P.O. Box 389
Stamford, CT  06904


_____
Timothy P. Jensen