UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT J. BIFOLCK, AS EXECUTOR OF THE ESTATE OF JEANETTE D. BIFOLCK AND INDIVIDUALLY, | )<br>)<br>)<br>)<br>) |
| v. | ) CIVIL ACTION NO. 3:02 cv 878 (SRU)<br>)<br>) |
| PHILIP MORRIS, INC. | )<br>) February 27, 2004 |

## JOINT MOTION TO EXTEND CASE MANAGEMENT
## AND TRIAL READINESS DEADLINES

The parties in the above action respectfully request that the Case Management Plan and Trial Readiness Sections of the Rule 26(f) Report of Parties' Planning Meeting ("Rule 26(f) Report"), as amended by this Court's December 8, 2003 Order, be extended by approximately 180 days.

As grounds for this motion, the parties state that (1) they have been engaging in written discovery and are in the process of noticing and scheduling depositions; (2) plaintiff's counsel has been on trial and the parties have been unable to schedule a mutually agreeable date for plaintiff's deposition; (3) other fact depositions in addition to the plaintiff's deposition must be scheduled; and that (4) the authorization process for gathering medical records necessary to this action has taken longer than expected. For these reasons, additional time is necessary to adequately conduct discovery and prepare the case for dispositive motions and trial.

With the requested extension, the Case Management Plan and Trial Readiness Sections of the Rule 26(f) Report would now read as follows:

V.  **Case Management Plan**

Paragraphs A through E(1) of Section V remain unchanged.

E.  Discovery

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed on or before January 25, 2005, subject to Philip Morris USA's right to seek additional time in the event that there is a delay in obtaining medical information. The parties reserve the right to seek additional time for fact and/or expert discovery if circumstances make it necessary or desirable to do so.

3. Discovery will not be conducted in phases.

4. The parties intend to complete fact discovery by September 7, 2004.

5. The parties do not yet know how many fact witness depositions they will need to take, but agree that in the event either party seeks to take more than ten depositions, the parties will attempt to agree on a permissible number of depositions without seeking court intervention.

6. The parties do not anticipate the need to request permission to serve more than 25 interrogatories.

7. Plaintiff will designate his testifying experts and provide opposing counsel with reports from such experts pursuant to Fed. R. Civ. P. 26(a)(2) at the close of fact discovery (September 7, 2004). Defendant's depositions of any such experts will be completed within two months thereafter (by November 8, 2004).

8. Defendant will designate its testifying experts and provide opposing counsel with reports from such experts pursuant to Fed. R. Civ. P. 26(a)(2) within two weeks of the close of

2

defendant's expert discovery (*i.e.,* on November 22, 2004). Plaintiff shall then have two months in which to depose defendant's testifying experts (*i.e.,* until January 25, 2005).

9.  Plaintiff will provide a damages analysis by the close of fact discovery (on September 7, 2004), along with its other expert reports. Defendant will provide a damages analysis, if any, with its other expert reports (*i.e.,* on November 22, 2004).

10. Plaintiff may designate one or more rebuttal expert witnesses to rebut defendant's expert testimony. Plaintiff shall make such designations of rebuttal experts and shall provide Rule 26(a)(2) expert reports on or before January 25, 2005. Defendant shall then have one month in which to depose such rebuttal experts (*i.e.,* until February 25, 2005).

F.  Any motion for summary judgment will be filed on or before one month after the close of expert discovery (*i.e.,* on March 25, 2005).

G.  The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed on the later of 30 days following the Court's ruling on summary judgment motions (if any such motions are filed), or one month following the close of expert discovery if no summary judgment motion is filed (*i.e.,* on March 25, 2005).

## VI. Trial Readiness

This case will be ready for trial on the later of 60 days from the filing of the joint trial memorandum or May 25, 2005.

WHEREFORE, the parties respectfully request that the Court grant this motion to extend by approximately 180 days the dates contained in the Case Management Plan and Trial Readiness Sections of the Rule 26(f) Report as amended by this Court's December 8, 2003 Order.

| VINCENT J. BIFOLCK, AS EXECUTOR OF THE ESTATE OF JEANETTE D. BIFOLCK AND INDIVIDUALLY | PHILIP MORRIS USA INC. |
|---|---|
| *[signature]* | *[signature]* |
| David S. Golub (ct00145)<br>Johnthan M. Levine (ct07584)<br>Silver Golub & Teitell LLP<br>184 Atlantic Street<br>P.O. Box 389<br>Stamford, CT 06904<br>(203) 325-4491 | Ben A. Solnit (ct00292)<br>Timothy P. Jensen (ct18888)<br>TYLER COOPER & ALCORN<br>205 Church Street<br>Post Office Box 1936<br>New Haven, Connecticut 06509-1910<br>(203) 784-8200<br>(203) 789-2133 (fax)<br><br>Thomas J. Griffin, Jr. (*pro hac vice* - ct20751)<br>John B. Daukas (*pro hac vice* – ct13395)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109<br>(617) 570-1000 |

Dated: February 27, 2004

LIBA/1357647.3

## CERTIFICATION

  I hereby certify that a copy of the foregoing was mailed first class mail, postage prepaid, the following counsel of record this 27th day of February, 2004:

David S. Golub, Esq.
Jonathon M. Levine, Esq.
Mary Curry, Esq.
Marilyn Ramos, Esq.
Silver Golub & Teitall LLP
P.O. Box 389
Stamford, CT  06904

          _____
          Timothy P. Jensen