UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT J. BIFOLCK, AS ) <br> EXECUTOR OF THE ESTATE OF ) <br> JEANETTE D. BIFOLCK AND ) <br> INDIVIDUALLY, ) <br> ) <br> v. ) <br> ) <br> PHILIP MORRIS, INC. ) <br> ) | ) CIVIL ACTION NO. 3:02 cv 878 (JCH) |

JOINT MOTION TO EXTEND CASE MANAGEMENT
AND TRIAL READINESS DEADLINES

The parties in the above action respectfully request that the Case Management Plan and Trial Readiness Sections of the Rule 26(f) Report of Parties' Planning Meeting ("Rule 26(f) Report"), as amended by this Court's March 4, 2004 Order, be extended.

The parties have conferred in an effort to address concerns raised by the Court concerning scheduling during the August 26, 2004 telephonic status conference. Though recognizing the practical difficulties relating to a number of remaining pre-trial activities, the parties have followed the Court's guidance by shortening the deadlines contained in their agreed-to, proposed Case Management Order which they had submitted to the Court on August 13, 2004. The new, shorter deadlines are contained herein.

As grounds for this motion, the parties state that (1) they have already conducted depositions of certain witnesses, including plaintiff; (2) the parties are in the process of noticing and scheduling depositions of other witnesses; (3) the authorization process for gathering written materials; such as medical records, necessary to this action is continuing and has taken longer than expected, and (4) the parties recognize the logistical and substantive issues associated with

expert disclosure and discovery. For these reasons, additional time is necessary adequately to conduct discovery and prepare the case for dispositive motions and trial.

The parties have discussed the issue of obtaining pathology from the medical institution that currently has custody of such material. The Court discussed the issue of pathology with the parties during the August 26 telephonic status conference. Defendant has confirmed that it made a diligent effort to obtain authorizations for the pathology, and has worked with the custodial medical institution in an effort to obtain the pathology without court intervention. Defendant has not, as yet, subpoenaed the pathology; however, defendant has (1) sent the custodial medical institution authorization forms signed by the plaintiff, (2) responded to the custodial medical institution's rejection of such signed authorizations by obtaining plaintiff's signatures on the custodial medical institution's own authorization forms, (3) negotiated with the custodial medical institution's administrators and attorneys concerning its rejection of those subsequent authorization forms, and (4) worked and is working with plaintiff to obtain the pathology and to satisfy or avoid the custodial medical institution's concerns. The parties believe they have arrived at an approach that should be acceptable to the custodial medical institution. In the event the custodial medical institution continues to refuse to produce materials, the parties will seek a Court order.

As to the issue of depositions that was also discussed during the August 26 telephonic status conference, the parties believe that they have reached agreement concerning the number and duration of remaining depositions.

The parties respectfully submit the following proposed pre-trial schedule:

**Schedule**

1.    Fact discovery shall be completed on or before November 12, 2004.

2

2.    Plaintiff will designate his testifying experts and provide opposing counsel with reports from such experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before December 3, 2004. Plaintiff will also provide a damages analysis on or before December 3, 2004.

3.    Defendant's depositions of any such experts will be completed on or before February 4, 2005.

4.    Defendant will designate its testifying experts and provide opposing counsel with reports from such experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before February 25, 2005. Defendant will also provide a damages analysis, if any, on or before February 25, 2005.

5.    Plaintiff's depositions of any such experts will be completed on or before April 5, 2005.

6.    Plaintiff may designate one or more rebuttal expert witnesses to rebut defendant's expert testimony. Plaintiff shall make such designations of rebuttal experts and shall provide Rule 26(a)(2) expert reports on or before May 2, 2005.

7.    Defendant shall then have until May 23, 2005, to depose such rebuttal experts, and plaintiff shall do its utmost to make such experts available for deposition within the time provided.

8.    Any motion for summary judgment will be filed on or before one month after the close of expert discovery (*i.e.*, by May 15, 2005 if there are no plaintiff rebuttal experts, or by June 23, 2005 if there are).

**Trial Readiness**

This case will be ready for trial 60 days from the filing of the joint trial memorandum.

WHEREFORE, the parties respectfully request that the Court grant this motion to extend the dates contained in the Case Management Plan and Trial Readiness Sections of the Rule 26(f) Report as amended by this Court's March 4, 2004 Order.

| | |
|---|---|
| VINCENT J. BIFOLCK, AS EXECUTOR OF THE ESTATE OF JEANETTE D. BIFOLCK AND INDIVIDUALLY, | PHILIP MORRIS USA INC., |
| *[signature]* | *[signature]* |
| David S. Golub (ct00145)<br>Jonathon M. Levine (ct07584)<br>SILVER GOLUB & TEITELL LLP<br>184 Atlantic Street<br>Stamford, CT 06904<br>(203) 325-4491 | James F. Stapleton (ct04267)<br>DAY, BERRY & HOWARD LLP<br>One Canterbury Green<br>Stamford, CT 06901<br>(203) 977-7300<br><br>Thomas J. Griffin, Jr. (*pro hac vice* – ct20751)<br>John B. Daukas (*pro hac vice* – ct13395)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109<br>(617) 570-1000 |

Dated: September 3, 2004

LIBA/1410924.2

4