UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

VINCENT J. BIFOLCK, AS EXECUTOR OF
THE ESTATE OF JEANETTE D. BIFOLCK,
AND INDIVIDUALLY,

    Plaintiff,

- against -

PHILIP MORRIS, INC.,

    Defendant.

Civil Action No. 3:02 CV 878 (JCH)

## DEFENDANT PHILIP MORRIS USA INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF TO COMPLY WITH HIS DISCOVERY OBLIGATIONS

### INTRODUCTION

Philip Morris USA Inc. ("Philip Morris") brings this motion to compel plaintiff to produce Mrs. Jeanette Bifolck's psychological and/or psychiatric records. Philip Morris is entitled to these records because they are important to Philip Morris's ability to probe several allegations in this case, and particularly plaintiff's claim that Mrs. Bifolck was addicted to cigarette smoking and could not quit, despite wanting to do so. Given that plaintiff's allegations have rendered the records relevant, there are no countervailing considerations that would justify blocking this discovery from Philip Morris. Philip Morris has made numerous attempts to resolve this issue without the need for Court involvement and has substantially narrowed, but not fully resolved, the points of disagreement.

**ORAL ARGUMENT IS REQUESTED.**

LIBA/1430942.5

## ARGUMENT

### I. SUMMARY OF PLAINTIFF'S CLAIMS IN THIS CASE

Plaintiff alleges that Mrs. Bifolck "became addicted to nicotine and was unable to stop smoking." Complaint, First Claim for Relief at ¶ 7. He further alleges that, as a result of her smoking, Mrs. Bifolck "contracted non-small cell lung cancer," which resulted in her death in March of 2000. *Id.* at ¶¶ 8, 11. Among the damages set forth in the Complaint are those pertaining to Mrs. Bifolck's alleged "severe emotional distress, anguish and anxiety, including fear of death," *id.* at ¶ 14, as well as plaintiff's loss of consortium, *id.*, Second Claim for Relief at ¶¶ 1-48.

### II. MRS. BIFOLCK'S PSYCHOLOGICAL AND/OR PSYCHIATRIC RECORDS ARE RELEVANT TO SEVERAL ISSUES IN THIS CASE

During fact discovery, Philip Morris requested:

> All medical records and reports relating to any examination of, treatment of, or consultation with Decedent or her physicians regarding any injury, illness or physical or mental condition Decedent suffered, including but not limited to . . . psychiatric and psychological records . . ..

Philip Morris Incorporated's First Request for Production of Documents, dated July 31, 2002, at No. 2 (Exhibit 1 hereto). Fact discovery has revealed that Mrs. Bifolck received psychiatric and/or psychological treatment in the 1990s. *See* Plaintiff's Dep. at 320-21, 324 (Exhibit 2 hereto). Mrs. Bifolck's psychiatric and/or psychological records – particularly from this time period – are potentially relevant to several issues.

First, the records are relevant to probing plaintiff's allegations that Mrs. Bifolck was unable to quit smoking despite wanting to do so. If the records say something about Mrs. Bifolck's smoking, what they say obviously could be important. But even if the records do not say anything about smoking, that, too, would be highly relevant. For instance, if the records

-2-

reflect that Mrs. Bifolck identified a number of problems that she wanted to address but does not mention smoking, that would suggest that quitting smoking was something that was not important to her, and would therefore cast doubt on plaintiff's allegations of addiction. Certainly, Philip Morris should have the opportunity to provide experts it may retain regarding "addiction" – or perhaps to cross-examine any such experts plaintiff may retain – with these records, to ascertain whether they shed light on whether Mrs. Bifolck ever really wanted to quit and whether she was truly "addicted" in the manner that plaintiff uses the term.

In addition, the psychiatric and/or psychological records are potentially relevant to other issues in the case. For instance, they may show that at least some of Mrs. Bifolck's alleged emotional distress was caused by factors other than her cancer and they may reveal something about the relationship between Mr. and Mrs. Bifolck that is relevant to rebutting plaintiff's loss of consortium claim.

Because these records are important to probing allegations – including allegations relating to "addiction" and plaintiff's desire to quit – that plaintiff has placed at issue in this case, they should be disclosed to Philip Morris. Plaintiff has offered no countervailing concern that would justify blocking this discovery under these circumstances. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . . Relevant evidence need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."); *Doe v. Meachum*, 126 F.R.D. 444, 450 (D. Conn. 1989) (discussing Connecticut statue regarding patient/psychologist communications, and granting motion to compel production of mental health records); *Padgett v. Capitol West Assoc.*, 1992 WL 394414, at *1 (Conn. Super. Ct. Dec. 30, 1992) (granting motion to compel and ordering plaintiff to produce her "highly relevant"

-3-

psychiatric and psychological records because plaintiff, inter alia, claimed defendant's actions caused her addiction to substances).

### III. PLAINTIFF HAS FAILED TO COMPLY WITH HIS DUTY TO PRODUCE THE PSYCHOLOGICAL AND/OR PSYCHIATRIC RECORDS

During discovery, plaintiff's counsel said that they wanted to review Mrs. Bifolck's psychiatric and/or psychological records before Philip Morris had the chance to do so, and suggested that they obtain the records instead of giving Philip Morris an authorization to get them directly. As an accommodation, Philip Morris agreed to this arrangement. To date, however, plaintiff's counsel has not produced these records. During telephone conversations on November 10 and 11, 2004 pertaining to this motion, plaintiff's counsel indicated that he still has not received the records, but said that he would attempt to obtain them and, if he succeeded, would review them for relevance and provide them to Philip Morris only if he believed them to be relevant. *See* Affidavit of Michael K. Murray in Support of Philip Morris USA Inc.'s Motion to Compel Plaintiff to Comply with His Discovery Obligations.

Given that Philip Morris, at the close of fact discovery, still does not have the important information it requested despite numerous accommodations to plaintiff's counsel, Philip Morris does not want to wait for plaintiff to screen the materials, and requests an order compelling plaintiff to (1) provide all information pertaining to psychiatric and/or psychological treatment; or (2) execute an authorization enabling Philip Morris to obtain the psychiatric and/or psychological records directly from the provider.

### CONCLUSION

For the foregoing reasons, Philip Morris respectfully requests an order compelling plaintiff to obtain and produce forthwith the psychological and/or psychiatric records pertaining

-4-

to Mrs. Bifolck or to provide Philip Morris with an authorization sufficient to enable Philip Morris to obtain the records directly.

        Respectfully submitted,

        PHILIP MORRIS USA INC.,

        By its attorneys,

        */s/ John B. Daukas*
        Thomas J. Griffin, Jr. (*pro hac vice* – ct20751)
        John B. Daukas (*pro hac vice* – ct13395)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, MA 02109-2881
        617.570.1000

        and */s/ James F. Stapleton*
        James F. Stapleton (ct04267)
        DAY, BERRY & HOWARD LLP
        One Canterbury Green
        Stamford, CT 06901
        203.977.3700

Dated: November 12, 2004

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Philip Morris USA, Inc.'s Memorandum in Support of Its Motion to Compel Plaintiff to Comply with His Discovery Obligations was sent *via* by Federal Express to the following counsel on the 12th of November, 2004:

>Marilyn Ramos, Esq.
>Silver, Golub & Teitell LLP
>184 Atlantic Street
>Stamford, CT 06904

*James F. Stapleton*
James F. Stapleton