UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT



| | |
|---|---|
| VINCENT J. BIFOLCK, AS EXECUTOR OF THE ESTATE OF JEANETTE D. BIFOLCK, AND INDIVIDUALLY,<br><br>Plaintiff,<br><br>- against -<br><br>PHILIP MORRIS, INC.,<br><br>Defendant. | Civil Action No. 3:02 CV 878 (JCH) |

### AFFIDAVIT OF MICHAEL K. MURRAY IN SUPPORT OF PHILIP MORRIS USA INC.'S MOTION TO COMPEL PLAINTIFF TO COMPLY WITH HIS DISCOVERY OBLIGATIONS

I, Michael K. Murray, declare as follows:

1. I am an attorney admitted in the District of Connecticut and I am a Senior Counsel in the law firm of Goodwin Procter LLP, counsel of record for defendant Philip Morris USA Inc. ("Philip Morris") in this action. I have personal knowledge, or information and belief, of the following matters and, if called upon to testify, I could and would competently testify thereto.

2. On November 10, 2004, I had a telephone conversation with Attorney Jonathan Levine of Silver, Golub, & Teitell LLP, plaintiff's counsel, regarding a few pending discovery issues, including those relating to pathology and to psychiatric and/or psychological records. We also spoke by telephone the next day, November 11, 2004, regarding these issues. Counsel for Philip Morris and counsel for plaintiff had prior communications about these issues. One of those prior communications involving the psychiatric records is reflected in a letter dated

LIBA/1431737.1

September 15, 2004, which I attach hereto as Exhibit 1. That letter reflects that parties' understanding that plaintiff's counsel would obtain Mrs. Bifolck's psychiatric and/or psychological records.

3. During our discussions on November 10 and 11, 2004, Mr. Levine and I were able to reach general agreement regarding how to proceed with respect to the pathology, subject to Philip Morris's right to bring a motion to compel in the future should the parties reach an impasse. With respect to the psychiatric and/or psychological records, Mr. Levine indicated that he had not yet obtained the records from the mental health care provider, Dr. Christina Moore, as the address he had for her was incorrect. He did not agree to provide Philip Morris with an authorization that would enable Philip Morris to obtain the records on its own. He indicated that he would seek to obtain the records and stated that he wanted to screen the records so that he could determine if they were relevant. I stated that Philip Morris was entitled to review the records without their being screened. We were unable to reach agreement on this point.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2004.

                                                  _____
                                                  Michael K. Murray